IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEGGY S. BLUMER, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. _____ |
| THE MEADOWS RACETRACK AND CASINO, | ) |
| | ) JURY TRIAL DEMANDED |
| *Defendant*. | ) |

**COMPLAINT**

AND NOW, comes the Plaintiff, Peggy S. Blumer, by and through her counsel, Joshua Smith, Esq. of Smith LLC, and alleges, on information and belief, as follows:

**JURISDICTION AND VENUE**

1. This is an action filed pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act, for employment discrimination on the basis of sex, as well as unlawful retaliation. Plaintiff seeks to obtain legal and equitable relief including, but not necessarily limited to, back pay, front pay, statutory liquidated damages, declaratory judgment, injunctive relief ordering reinstatement with full seniority and benefits, compensatory and punitive damages, and attorney's fees.

2. This Court has subject matter jurisdiction over Plaintiff's federal rights of action pursuant to, *inter alia,* 28 U.S.C. § 1331 (conferring "federal question" jurisdiction upon district

courts). Additionally, 28 U.S.C. § 1367 confers supplemental jurisdiction over Plaintiff's pendent state law rights of action.

    3.    Venue is proper pursuant to 28 U.S.C. § 1391(a), in that all of the defendants are subject to personal jurisdiction within the Western District of Pennsylvania, and all of the events that give rise to this action occurred within the Western District of Pennsylvania.

    4.    Plaintiff has satisfied all other prerequisites, jurisdictional or otherwise, prior to the initiation of this suit, in that:

        a.    Plaintiff filed a timely written charge of discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC") on June 1, 2010, which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC") on or around June 1, 2010;

        b.    Plaintiff's counsel received a Notice of Right to Sue from the EEOC dated (and postmarked) September 24, 2012; and

        c.    This action was filed with this Court within the required time period, because:

            (1)    the 90th day fell on Saturday, December 22, 2012, on which the federal courts were closed;

            (2)    the 91st day fell on Sunday, December 23, 2012, on which the federal courts were closed;

            (3)    the 92nd day fell on Monday, December 24, 2012 (Christmas Eve), on which this Court was closed for business pursuant to its Order of December 11, 2012;

            (4)    the 93rd day fell on Tuesday, December 25, 2012 (Christmas Day), a federal holiday, on which the federal courts were closed; and

(5) this action was filed on Wednesday, December 26, 2012, which is the first day occurring after Saturday, December 22, 2012 on which this Court was open for business.[1]

## JURY TRIAL DEMAND

5. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

## PARTIES

6. The Plaintiff, Peggy S. Blumer, is an adult female individual who resides at 3520 Washington Pike, Apartment 1005, Bridgeville, Pennsylvania 15017.

7. The Defendant, The Meadows Racetrack and Casino, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Its principal place of business is located at 210 Racetrack Road, Washington, Pennsylvania 15301.

8. Defendant is an "employer" within the meaning of Title VII.

9. At all times relevant hereto, Defendant acted, or failed to act, by and through its agents, servants, and employees, who at all times relevant hereto were conducting themselves within the scope and course of their employment.

## FACTUAL BACKGROUND

10. Plaintiff was hired by Defendant on May 7, 2007.

---

[1] It should also be noted that the EEOC inadvertently sent the Notice of Right to Sue to the undersigned's previous business address, not his current one. As a result, it was ultimately forwarded to the undersigned through the usual Postal Service change-of-address/mail forwarding procedures, and consequently the envelope has affixed to it a yellow label indicating this additional step(s) in processing. These yellow labels always contain the date on which they were printed; in this case, that date is October 3, 2012. As such, the Notice of Right to Sue would not have been received by the undersigned until at least October 4, 2012 (although somewhere between two and four additional days is far more likely to be accurate), and the 90th day following October 4, 2012 is January 2, 2013. That Plaintiff's action has been timely filed is, therefore, a conclusion not subject to reasonable dispute in light of these circumstances.

11.     During the course of Plaintiff's employment, her work schedule was intentionally changed by Defendant so as to prevent Plaintiff from meeting her childcare obligations (of which Defendant was well aware).

12.     During this same time period, certain similarly-situated male employees were permitted by Defendant to modify their work schedules to accommodate their childcare allegations, as well as, for instance, to attend school and to play in sporting events.

13.     Plaintiff was not the only similarly-situated female employee against whom Defendant discriminated in this fashion, thereby demonstrating a pattern and/or practice of such unlawful conduct on the part of Defendant.

14.     Plaintiff was subjected to additional, retaliatory action by Defendant when she complained to Defendant about its unlawful conduct.

15.     On or around December 16, 2009, Plaintiff was suspended indefinitely because, as a result of her childcare obligations (of which Defendant was well aware), she had incurred multiple absences under the new schedule she was being forced to work.

16.     On or around January 20, 2010, Plaintiff was informed by Defendant that her employment had been terminated.

## COUNT I:
### Title VII, 42 U.S.C. § 2000e *et seq.*
### Sex Discrimination

17.     Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 16 inclusive, as though they were set forth more fully at length herein.

18.     Defendant unlawfully discriminated against Plaintiff because of her sex.

19.     Defendant's actions were done with reckless indifference to Plaintiff's federally protected rights.

20. As a direct and proximate result of Defendant's actions, as described herein, Plaintiff lost her job and has suffered lost wages and benefits. Plaintiff has also suffered, and will continue to suffer, severe emotional distress, anxiety, depression, humiliation, embarrassment, and other consequential damages.

21. The actions taken by Defendant, as described herein, were willful, deliberate, intentional, and outrageous, and were performed with an extreme indifference to the rights of Plaintiff such that an award of punitive damages is warranted.

## COUNT II:
### Pennsylvania Human Relations Act
### Sex Discrimination

22. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 21 inclusive, as though they were set forth more fully at length herein.

23. Defendant unlawfully discriminated against Plaintiff because of her sex.

24. Defendant's actions were done with reckless indifference to Plaintiff's rights protected by state law.

25. As a direct and proximate result of Defendant's actions, as described herein, Plaintiff lost her job and has suffered lost wages and benefits. Plaintiff has also suffered, and will continue to suffer, severe emotional distress, anxiety, depression, humiliation, embarrassment, and other consequential damages.

26. The actions taken by Defendant, as described herein, were willful, deliberate, intentional, and outrageous, and were performed with an extreme indifference to the rights of Plaintiff such that an award of punitive damages is warranted.

### COUNT III:
### Title VII, 42 U.S.C. § 2000e *et seq.*
### Retaliation for Complaining of Unlawful Action

27. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 26 inclusive, as though they were set forth more fully at length herein.

28. As a result of Plaintiff's complaining of unlawful conduct by Defendant and any and all subsequent actions taken by Plaintiff in furtherance of her rights under federal law, Defendant intentionally retaliated against Plaintiff by subjecting her to a pattern of differential and highly unfavorable treatment vis-à-vis other, similarly situated employees, and ultimately terminating her employment.

29. Defendant's retaliatory conduct toward Plaintiff violated federal law.

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, severe emotional distress, anxiety, depression, humiliation, embarrassment, and other consequential damages.

31. The actions taken by defendant were willful, deliberate, intentional, and outrageous, and were performed with an extreme indifference to the rights of Plaintiff such that an award of punitive damages is warranted.

### COUNT IV:
### Pennsylvania Human Relations Act
### Retaliation for Complaining of Unlawful Action

32. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 31 inclusive, as though they were set forth more fully at length herein.

33. As a result of Plaintiff's complaining of unlawful conduct by Defendant and any and all subsequent actions taken by Plaintiff in furtherance of her rights under state law, Defendant intentionally retaliated against Plaintiff by subjecting her to a pattern of differential

and highly unfavorable treatment vis-à-vis other, similarly situated employees, and ultimately terminating her employment.

34. Defendant's retaliatory conduct toward Plaintiff violated state law.

35. As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, severe emotional distress, anxiety, depression, humiliation, embarrassment, and other consequential damages.

33. The actions taken by defendant were willful, deliberate, intentional, and outrageous, and were performed with an extreme indifference to the rights of Plaintiff such that an award of punitive damages is warranted.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests judgment in her favor and against Defendant, and an award granting her relief including, but not necessarily limited to, the following:

(a) compensatory and punitive damages;

(b) any equitable remedy that the Court considers appropriate under the circumstances, including, without limitation, reinstatement of Plaintiff's employment;

(c) costs, disbursements, and reasonable attorney's fees, and

(d) any other and further relief that the Court deems just and proper.

                                              Respectfully submitted,


                                              s/ Joshua Smith, Esq.
                                              _____
                                              Joshua Smith, Esq. (PA # 207585)
                                              Smith LLC
                                              1520 Beechview Avenue, First Floor
                                              Pittsburgh, Pennsylvania 15216
                                              1 (888) 976-4849 (main)
                                              1 (888) 976-4849 (facsimile)
                                              smith@smith-llc.net
                                              http://www.smith-llc.net

                                              *Attorney for Plaintiff*

Dated:  December 26, 2012