**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PEGGY S. BLUMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1888 |
| | ) | |
| THE WASHINGTON TROTTING | ) | |
| ASSOCIATION, INC., | ) | |
| Defendant. | ) | |

**HEARING ON** Hearing/Status Conference

Before Judge Nora Barry Fischer

| | |
|---|---|
| _____ | Melissa Evans, Esq. |
| Appeared for Plaintiff | Appeared for Defendant |

| | | |
|---|---|---|
| Hearing begun | 4/2/14 at 10:00 A.M. | Hearing adjourned to N/A |
| Hearing concluded | 4/2/14 at 10:15 A.M. | Stenographer Julie Kienzle |
| | | Clerk: B. Kravetz |

A hearing/status conference was held in regard to the Court's Show Cause Order (Docket No. [43]) directing Plaintiff and her counsel to show cause why Plaintiff's portion of the fees due to court-appointed mediator Sally Griffith Cimini, Esquire ($750.00) has not been paid pursuant to Ms. Cimini's invoice of December 31, 2013.  Neither Plaintiff nor her counsel, Mr. Smith, appeared for the hearing/status conference as directed by the Court's Text Order of March 28, 2014.  The Court detailed the background of the matter on the record, including:

- its receipt of a letter from Ms. Cimini dated March 7, 2014 detailing the failure to pay (along with her invoice dated December 31, 2013 and the mediation agreement dated November 19, 2013 and fully executed by all parties and counsel in attendance, including Plaintiff and Mr. Smith);
- the Court's entry of the Show Cause Order on March 12, 2014 [43];
- the Court's scheduling of today's hearing via Text Order on March 28, 2014;
- the Court's staff's direction of such orders on the CM/ECF System to Mr. Smith's personal email account joshsmith2020@gmail.com as well as the email account listed on the Court's docket;
- the attempts by the Court's staff to contact Mr. Smith at his reported office number and cell phone number he had previously provided via email;
- the prior email communications of March 14, 2014 between Mr. Smith, defense counsel Ms. Evans and the Court's law clerk, Mr. Kravetz, wherein Mr. Smith advised of a potential request for a stay of the case due to health issues and the fact that he was

directed by Mr. Kravetz, pursuant to the Court's Policies, Practices and Procedures, to file a motion on the Court's docket to the extent that he sought such relief from the Court;

- the fact that no such motion requesting a stay has been filed by Plaintiff to date;
- Mr. Kravetz's confirmation with Ms. Cimini and her staff that the outstanding invoice had not been paid as of the afternoon of April 1, 2014;
- the telephone communication of Mr. Smith to the Court's staff on the afternoon of April 1, 2014 wherein he acknowledged today's hearing date and time advised of a potential problem with his client's ability to appear at the hearing;
- the direction of the Court's staff to Mr. Smith on April 1, 2014 that he should file a motion on the Court's docket if he wished to reschedule, and the failure of Mr. Smith to file any such motion; and,
- the communication received by the Court's law clerk, Mr. Kravetz, around 9:00 a.m. this morning from a woman identifying herself as Mr. Smith's mother advising of a health issue of Mr. Smith and asking the Court "not to do anything" until he was able to call or email the Court.

After the Court detailed such background information on the record, Ms. Evans confirmed that she had no additional contact with Mr. Smith since his March 14, 2014 email communications and that neither she nor her client had agreed to pay Plaintiff's portion of the mediator fees.  In light of the failure to appear by Plaintiff and her counsel and the lack of the presentation of any argument or evidence before the Court demonstrating good cause why the mediator fees have not been paid, the Court will enter an Order directing Plaintiff to pay the outstanding invoice to Ms. Cimini within 10 days.  An appropriate Order follows.

Ms. Evans also advised that she intends to file a motion with the Court directing Plaintiff to comply with the Court's March 4, 2014 Order [42] setting deadlines for Plaintiff's compliance with her discovery obligations because Plaintiff has failed to comply with any of the Court's deadlines to date.  The Court will permit Plaintiff to respond to any such motion and address same at a later time.

Ms. Evans declined to purchase a copy of today's transcript; accordingly, the Court did not order preparation of same.  To the extent that the transcript is sought, it must be purchased from the official court reporter.