IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEGGY S. BLUMER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:12-cv-01888 |
| ) | |
| v. ) | Judge Nora Barry Fischer |
| ) | |
| WASHINGTON TROTTING ) | |
| ASSOCIATION, INC., ) | *ELECTRONICALLY FILED* |
| ) | |
| Defendant. ) | |

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND DEADLINES

NOW COMES Defendant, Washington Trotting Association, Inc. ("Defendant"), and files this Brief in Support of Defendant's Motion to Dismiss for Plaintiff's Failure to Comply with Court Orders and Deadlines.

On December 26, 2012, Plaintiff Peggy S. Blumer initiated the above-captioned action against the Defendant, alleging claims of sex discrimination and retaliation under Title VII and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff's conduct throughout this litigation has demonstrated a willful disregard for her duties and obligations as a litigant before this Court. Plaintiff consistently has failed to meet deadlines set by this Court in the prosecution of her claims, has sought repeated extensions based upon varied excuses or explanations, has ignored orders from this Court and instructions from the Court's staff, has generally failed to advance her claims and has infected the process with undue delay, to the prejudice of the Defendant and the inconvenience of the Court.

### PLAINTIFF'S HISTORY OF DELAY AND DILATORINESS

From the moment Plaintiff commenced this lawsuit on December 26, 2012 – ninety-four days after the EEOC issued a right-to-sue notice to Plaintiff – she has demonstrated a

1

complete disregard for her responsibilities as a litigant to comply with Federal Rules of Civil Procedure and orders issued by this Court, particularly as they relate to meeting deadlines and satisfying her discovery obligations.  In fact, Plaintiff's ongoing history of delay and dilatoriness has been addressed to this Court on a number of occasions.

Aside from the substantive arguments raised by Defendant's motions to dismiss Plaintiff's original and amended complaints – which included arguments regarding the untimeliness of Plaintiff's pre-suit administrative filings and service of the original complaint – Defendant's early dispositive motions provided this Court with an early introduction to Plaintiff's general disregard for the deadlines set by this Court's orders.  After Defendant filed its first motion to dismiss [ECF 10, 11] on May 17, 2013, this Court issued a standing Order on Motions Practice [ECF 12], which required Plaintiff to file her response to Defendant's dispositive motion within twenty-one days.  On June 10, 2013, twenty-four days after Defendant's motion was filed, Plaintiff contacted the Court, *ex parte*, in order to seek an extension of time to respond to Defendant's motion, which the Court generously treated as an oral motion for extension, once the undersigned was conferenced into the call.  Although Defendant was opposed to Plaintiff's request for extension, which purportedly was based upon an injury sustained by opposing counsel days before, Defendant proposed a reasonable two-tiered approach to the briefing schedule [ECF 19], which essentially called for the bifurcation of Defendant's motion into arguments regarding service under Rule 12(b)(5) and the remaining arguments raised therein.

This Court adopted Defendant's proposal, by Order dated June 25, 2013 [ECF 20], and required Plaintiff to file her response to Defendant's Rule 12(b)(5) arguments by noon on July 8, 2013, thereby affording Plaintiff a two-week extension of time to respond.  Plaintiff

waited nearly one week to object to the Court's entry of its June 25, 2013 order, filing a scathing motion for reconsideration [ECF 22] in which Plaintiff severely criticized the Court's entry of said order without affording Plaintiff a chance to reply, even though the Court had granted, at least in part, Plaintiff's motion for extension.  By virtue of this motion, Plaintiff's counsel secured yet another extension of time to respond to Defendant's motion to dismiss, as the Court continued Plaintiff's filing deadline to July 12, 2013 [ECF 24], fifty-six days after Defendant's motion was filed.

Thereafter, Plaintiff filed an amended complaint on July 26, 2013 [ECF 27], in response to which Defendant filed another motion to dismiss on August 12, 2013 [ECF 31, 32]. Pursuant to this Court's order on motions practice, Plaintiff was to file her response to Defendant's dispositive motion by September 5, 2013.  However, on the date that Plaintiff's response was due for filing, her attorney once again contacted the Court – this time via email – to request an extension of time to respond, based upon purported computer problems that prevented him from both filing the response, as well as filing his motion for request for extension via ECF. The Court immediately granted Plaintiff's request for extension, affording Plaintiff an additional five days, until September 10, 2013, to file a response to Defendant's motion to dismiss.  As a result of the delay injected by Plaintiff – both with regard to the service of the Complaint as well as the repeated extensions requested with regard to Defendant's motions to dismiss – more than nine months passed between the filing of Plaintiff's complaint on December 26, 2012 and the filing of Defendant's Answer and Affirmative Defenses on October 9, 2013.

In fact, even as the foregoing issues related to Plaintiff's delays in responding to Defendant's motion to dismiss the original complaint were arising, Plaintiff already was showing a disinclination to take affirmative steps to prosecute her claims.  Specifically, this Court issued a

memorandum order [ECF 13], setting the date for the Rule 16 conference, as well as the deadlines for submissions of the parties' Rule 26(f) report and ADR stipulation on June 18, 2013.  Plaintiff, however, made no effort to schedule the Rule 26(f) conference, or coordinate the parties' join filing, until prompted to do so by the Court's clerk on June 19, 2013.

Plaintiff also failed to comply with the deadlines set forth in the Court's Case Management Order [ECF 29], which was issued on June 8, 2013.  For example, pursuant to this Court's order, Plaintiff's Rule 26 initial disclosures were to be made by October 23, 2013 (i.e., within fourteen days of Defendant's filing of its answer to the amended complaint).  When Plaintiff still had not produced her initial disclosures by November 5, 2013, the undersigned attempted to contact Plaintiff's counsel to ascertain the status of the production, as the parties were fast approaching their scheduled mediation date of November 17, 2013.  Although opposing counsel pledged to make the production by Friday, November 8, 2013, Plaintiff did not begin to make her disclosures until November 12, 2013, at which time she produced a small collection of documents.  Thereafter, on November 15, 2013, Plaintiff produced the narrative portion of her initial disclosures, including the identification of potential witnesses and a computation of damages.  Plaintiff's disclosures further indicated that Plaintiff intended to supplement her initial production with medical records.  However, to date, no additional documents have been received from Plaintiff.

In addition to addressing the timing of initial disclosures, the Court's Case Management Order also set forth the deadline for the completion of fact discovery as February 28, 2013.  On January 17, 2014, with the close of discovery approaching, Defendant served Plaintiff with interrogatories and requests for production, to which Plaintiff initially was required to respond by February 20, 2104, in conformity with Rules 33 and 34.  Additionally, Plaintiff

was served with requests for admission on January 25, 2014, responses to which were due by February 27, 2014.  Contemporaneously with the service of Defendant's written discovery, Defendant also sought to schedule a date and time for Plaintiff's deposition.  By February 18, 2014, however, Defendant had received no response to its inquiry regarding scheduling the deposition, and, thus, Defendant was compelled to proceed with unilaterally noticing the deposition to be held on Thursday, February 27, 2014.

As the date of Plaintiff's deposition approached, and the deadline for Plaintiff's responses to Defendant's interrogatories and document requests came and went, Defendant endeavored to contact Plaintiff's counsel regarding Plaintiff's apparent lack of cooperation – or even participation – in the discovery process.  Although opposing counsel finally contacted the undersigned via email on Monday, February 24, 2014, ostensibly to set up a conference call to discuss discovery, no additional information was forthcoming at that time.  Thus, it was not until Wednesday, February 26, 2014 that Defendant learned that Plaintiff would not be appearing for her scheduled deposition on Thursday, February 27, nor would Plaintiff's discovery responses be immediately forthcoming.  Instead, the principal purpose of the call appeared to be to seek Defendant's agreement to an extension of the discovery period, largely based upon Plaintiff's failure to serve any discovery requests of her own during the fourteen-month period since she initiated her lawsuit, by holding hostage the overdue discovery responses.

On Monday, March 3, 2014, in advance of the post-discovery status conference scheduled to occur later that day, this Court's clerk, Brian Kravetz, contacted counsel for both parties, requesting the joint submission of information, *inter alia*, related to the status of discovery.  Once again, the undersigned was unable to reach opposing counsel to coordinate a joint response, and, thus, was compelled to make a unilateral submission via email to the Court

exclusively on behalf of the Defendant. In that communication, Defendant outlined Plaintiff's failure to respond to discovery or make herself available for deposition, as well as her attorney's general unresponsiveness despite the undersigned's repeated efforts to contact him to address these issues. Defendant also noted that Plaintiff had not taken any discovery in support of her alleged claims. In response, Plaintiff's counsel likewise submitted an email to Mr. Kravetz, describing purported problems with his email and voicemail systems, and seeking an extension of the discovery period.

When the post-discovery status conference was convened, these issues were addressed orally to the Court by the parties. In response, this Court issued an order [ECF 42], extending discovery by sixty additional days, to May 5, 2014. The Court further granted Plaintiff an additional fourteen days to respond to Defendant's outstanding written discovery, requiring that all responses be served by 5:00 pm on March 17, 2014. Finally, the Court ordered that Plaintiff make herself available to appear for her deposition no later than March 31, 2014.

By the end of March, however, Plaintiff still had not served discovery responses or made herself available for deposition.[1] Defendant addressed these ongoing failures to the Court during a hearing on Plaintiff's failure to respond to the Court's March 12, 2014 show-cause order [ECF 43], related to Plaintiff's failure to pay mediation fees to the Court-appointed mediator, Sally Griffith Cimini. Significantly, despite being ordered to appear before the Court on April 2, 2014, neither Plaintiff nor her attorney was present at the hearing. As noted above, during the hearing, Defendant advised this Court of its intent to file a motion related to Plaintiff's

---

[1] Admittedly, on Friday, March 14, 2014, Plaintiff's counsel contacted Mr. Kravetz via email to address an alleged health issue which purportedly was going to prevent him from meeting the Court's March 17, 2014 deadline for responding to Defendant's written discovery. However, after Plaintiff's counsel was instructed by Mr. Kravetz to file a motion, on the record, seeking relief from the latest deadlines, no such motion was, or has ever been, filed.

failure to comply with this Court's orders, including the Court's order of March 4, 2014, compelling Plaintiff's discovery responses and deposition testimony.

As of the date of this motion, Plaintiff still has not complied with the Court's orders on discovery. She has not produced responses to Defendant's outstanding interrogatories, requests for production, or request for admission (the latter of which now are deemed admitted pursuant to Rule 36(a)(3)). Plaintiff likewise has made no effort to take any discovery of her own. In fact, in addition to violating both the Rules of Civil Procedure and this Court's numerous orders, Plaintiff has failed entirely to prosecute her claims in any way. Moreover, Plaintiff still has not paid the mediation fees to Ms. Cimini, in violation of this Court's order of April 2, 2014 [ECF 45].

Plaintiff has failed to meet her obligations as a litigant before this Court. As a result, Defendant respectfully requests that this Court order the dismissal of Plaintiff's claims, with prejudice.

### **PLAINTIFF'S CONDUCT WARRANTS DISMISSAL UNDER RULE 41(b)**

The Federal Rules of Civil Procedure permit a District Court to dismiss a plaintiff's case for failure to prosecute, or for failure to comply with the Rules and/or court orders. *See* Fed.R.Civ.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it"). Plaintiff's conduct throughout this litigation, including her failure to meet deadlines, her failure to serve or answer discovery, her failure to appear for deposition, and her failure to comply with numerous court orders, warrant this Court's exercise of its authority to dismiss Plaintiff's claims pursuant to Rule 41(b).

In determining whether the sanction of dismissal is appropriate, the Third Circuit has instructed district courts to conduct an analysis by balancing six factors, known as the *Poulis* factors.  *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1988).  Thus, this Court must consider the following: (1) the extent of Plaintiff's personal responsibility; (2) the prejudice to Defendant caused by Plaintiff's failure to meet scheduling orders and respond to discovery; (3) Plaintiff's history of dilatoriness; (4) whether Plaintiff's and/or her attorney's conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of Plaintiff's claims.  *Id.*, at 868.  However, no single factor is dispositive, nor must each factor be satisfied before dismissal is ordered.  *See, e.g., Ware v. Rodale Press*, 322 F.3d 218, 221 (3d Cir. 2003).

1. **Extent of the party's personal responsibility**

As the undersigned expressly is prohibited from communicating with Plaintiff directly, and Plaintiff's counsel has not been responsive, Defendant is unable to determine the extent of Plaintiff's personal responsibility in the failure to prosecute her claims and the failure to comply with the Federal Rules and orders of this Court.  However, as the Third Circuit explained in *Poulis*, Plaintiff's "lack of responsibility for [her] counsel's dilatory conduct is not dispositive, because a client cannot always avoid the consequences of the acts or omissions of [her] counsel." *Poulis*, at 868.  In the present case, Plaintiff should not be permitted to escape the consequences of the contempt and/or disregard that has been shown by her and/or on her behalf.  "[E]ven assuming that [Plaintiff] does not bear responsibility for [her] counsel's conduct, consideration of the remaining factors still compels … [the] decision to sanction [Plaintiff] and dismiss the … claim." *Ware*, 322 F.3d at 222.

## 2. Prejudice to Defendant

Defendant terminated Plaintiff's employment more than four years ago, in January 2010, following Plaintiff's repeated failure to appear for her scheduled shifts in November and December 2009. Thus, considerable time has passed since the events surrounding Plaintiff's termination occurred. The repeated delays injected into this process by Plaintiff's continued failure to advance her case, which was initiated in December 2012, has prejudiced Defendant, based upon the impact the passage of time has, and will continue to have, upon the quality and/or reliability of evidence upon which Defendant may rely to support its defenses. The Third Circuit has recognized that prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994).

Defendant's ability to prepare its defense has been undermined further by Plaintiff's ongoing failure to meet her discovery obligations, thereby preventing Defendant from developing an effective strategy for its defense. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial" to satisfy this factor under the *Poulis* analysis. *Ware,* 322 F.3d at 222. See also, *Stezzi v. Citizens Bank of PA*, 542 Fed. Appx. 124, 126 (3d Cir. 2013) (concluding that plaintiff's "failure to attend her deposition and disregard for the District Court's orders frustrated the progress of discovery and the [defendant's] ability to prepare a defense" was sufficiently prejudicial to warrant dismissal).

### 3. History of Dilatoriness

In this case, Plaintiff's history of dilatoriness and delay is extensive. As the foregoing discussion illustrates, Plaintiff has failed to meet her obligations under the Rules of Civil Procedure, has failed to comply with several of this Court's orders (including those regarding discovery), and has made no effort to advance her case. As this Court has observed: the "time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation … A history … of ignoring these time limits is intolerable." *Calhoun v. AMTRAK*, 2011 U.S. Dist. LEXIS 57113, at *9 (W.D. Pa. May 27, 2011) (quoting Poulis, 747 F.2d 863).

Moreover, as recently addressed by the Honorable Magistrate Judge Robert C. Mitchell, in a case similarly involving Plaintiff's attorney:

> Concerning the history of dilatoriness, [plaintiff] has not made any effort to move this case forward. As noted, court orders and a scheduled conference have been ignored, communications from opposing counsel have gone unheeded, discovery requests receive no response … This is more than sufficient to indicate that [plaintiff] does not intend to proceed with this case in a timely fashion. This factor likewise weighs forcefully in favor of dismissal.

*Harris v. Crown Castle Int'l Corp.*, 2012 U.S. Dist. LEXIS 71693, at *8 (W.D. Pa. May 7, 2012). *See also, e.g., Adams*, 29 F.3d at 874 ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders"); *Emerson*, 296 F.3d at 191 (finding that the "procedural history of this case reflects continuous dilatoriness" where plaintiff made multiple requests for stays and failed to comply with multiple deadlines).

### 4. Willfulness and Bad Faith

The facts supporting a finding of dilatoriness by Plaintiff also support the conclusion that such conduct was willful and/or in bad faith. No reason has been provided on the record to explain or justify Plaintiff's failure to prosecute her claims or to comply with this Court's orders. *See, e.g., Ware*, 322 F.3d at 224 (finding the district court's conclusion that this factor of the *Poulis* test had been satisfied where "no excuse ha[d] been proffered for the excessive procrastination of Plaintiff's counsel"); *Harris*, at *8-9 ("The willfulness or bad faith conduct of plaintiff's attorney … definitely weighs in favor of dismissal. Counsel has not offered any justification for his failure to follow court orders or respond to defendant's discovery requests nor has he requested an extension of time to fulfill these obligations.").

### 5. Alternative Sanctions

Although dismissal is a severe sanction, it is entirely appropriate where, as here, the offending party has failed or refused to comply with court orders, including those related to discovery. *See, e.g., Mindek v. Rigatti*, 964 F.3d 1369, 1373 (3d Cir. 1992) ("District court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse, other than dismissal of the complaint with prejudice"); *Shahin v. Delaware*, 345 Fed. Appx. 815 (3d Cir.2009) (dismissing plaintiff's complaint for failure to comply with court order compelling discovery).

Lesser sanctions would not be appropriate in the present case. For example, monetary sanctions would serve no purpose, as it seems unlikely that Plaintiff would be any more likely to comply with an order directing her to make payment to Defendant, than she has complied with this Court's Order compelling payment of the overdue fees to the mediator.

Additionally, it is not clear that Plaintiff would have the financial resources to comply with monetary sanctions. Although Plaintiff is not proceeding *in forma pauperis*, her attorney has represented to the undersigned, as well as this Court, that Plaintiff currently is unemployed. Admittedly, Defendant is without the means of verifying counsel's representation, as Plaintiff has refused to meet her discovery obligations.

### 6. Merits of claim

Although this Court concluded that Plaintiff's Amended Complaint was sufficiently well-plead to withstand Defendant's motion to dismiss, this Court also noted explicitly that the ultimate success or failure of Plaintiff's claims would depend upon information obtained through discovery. As the foregoing argument demonstrates, Plaintiff has not developed any probative evidence through discovery, and, at this stage of the litigation, Plaintiff may not rest upon the mere allegations of the Amended Complaint. Moreover, Defendant has articulated, both in its Answer and in its other submissions to this Court, numerous defenses that would dispose of Plaintiff's claims entirely. Under these circumstances, this final factor of the *Poulis* test is essentially neutral. *See, e.g., Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002) (concluding that the "meritoriousness factor is neutral and not dispositive" where defendant plead complete defenses to plaintiff's facially meritorious allegations in the complaint).

Based upon Plaintiff's chronic delay, continuing failure to prosecute her claims and complete disregard for this Court's orders, as analyzed through the Poulis factors, dismissal of Plaintiff's claims, with prejudice, is warranted. Plaintiff's conduct throughout these proceedings has prejudiced Defendant in the development of its strategy for defense against Plaintiff's claims. Moreover, Defendant stands to incur substantial costs in the preparation of

papers in support of its anticipated motion for summary judgment, which effort should be unnecessary in light of Plaintiff's failure even to attempt to develop record evidence to support her claims. In that regard, dismissal likewise would serve judicial economy and avoid the waste of this Court's resources on a summary judgment opinion.

WHEREFORE, Defendant respectfully requests that Plaintiff's complaint, including all claims asserted therein, be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Defendant further requests that all other deadlines in this action be stayed, pending the Court's ruling on Defendant's present motion.

Dated: May 12, 2014

Respectfully submitted,

JACKSON LEWIS LLP

*s/Melissa L. Evans*
Douglas G. Smith, Pa. I.D. No. 56834
smithd@jacksonlewis.com
Melissa L. Evans, Pa. I.D. No. 85978
melissa.evans@jacksonlewis.com
One PPG Place, 28th Floor
Pittsburgh, PA  15222
(412) 232-0404
(412) 232-3441 *facsimile*

*Counsel for Defendant*

4842-9153-1034, v. 1